Kelly L. Staples, Michael L. DeShazo, Taylor M. Burnham, KINNEY, ELLINGHAUSEN, RICHARD & DeSHAZO, 1250 Poydras Street, Suite 2450, New Orleans, LA 70113, COUNSEL FOR PLAINTIFF/APPELLEE
Michael A. Britt, 4640 Rye Street, Suite 200, Metairie, LA 70006, COUNSEL FOR DEFENDANTS/APPELLANTS
(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Joy Cossich Lobrano )
Judge Daniel L. Dysart *845 Ram Automotive, Inc., and Richard A. Friedrichs, appeal a summary judgment granted in favor of DEMS Partnership, dismissing appellants' reconventional demand, with prejudice. For the reasons that follow, we dismiss the appeal.
BACKGROUND:
DEMS Partnership ("DEMS") filed suit against Ram Automotive, Inc., and Richard A. Friedrichs (collectively "Ram") for unpaid rent and ad valorem taxes due pursuant to a lease agreement. Ram filed exceptions and a Petition in Reconvention against DEMS. DEMS answered the Petition in Reconvention, and subsequently filed a Motion for Summary Judgment seeking to have the Petition in Reconvention dismissed.
After a hearing on April 20, 2018, the trial court rendered judgment, which states in pertinent part:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that DEMS's Motion for Summary Judgment is granted and that all claims by Ram Automotive, Inc., and Richard Friedrich's contained in the Reconventional Demand against DEMS Partnership are dismissed with prejudice.
Ram thereafter filed a Petition for Appeal that was signed by the trial court on September 15, 2018. DEMS filed a Motion to Dismiss arguing that the grant of a partial summary judgment without the trial court's express certification that the partial summary judgment is final, and that there is no just reason for delay, is not a final, appealable judgment. We agree.
Louisiana Code of Civil Procedure art. 1915B provides:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the trial court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The judgment rendered by the trial court does not adjudicate all the claims between the parties, and does not dismiss Ram from the suit. Further, it is not certified as final, with an express determination that there is no just reason for delay.
Accordingly, the judgment from which Ram appeals is not final and appealable, and we therefore dismiss the appeal.
APPEAL DISMISSED